**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| MIA BONANO, Individually and on behalf of others similarly situated, Plaintiff | * | CIVIL ACTION NO. |
| | * | JUDGE |
| VERSUS | * | MAGISTRATE |
| FIVE O FORE GOLF LLC Defendant | * | |

## <u>COMPLAINT – COLLECTIVE ACTION</u>

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **Mia Bonano (hereinafter referred to as "Plaintiff"), individually and on behalf of all other similarly situated,** and for her original Complaint against Defendant, Five O Fore Golf LLC (hereinafter referred to as "Defendant") respectfully alleges as follows:

## <u>JURISDICITON AND VENUE</u>

1.

Jurisdiction is conferred on this Court under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

2.

Venue is proper under 28 U.S.C. § 1391 (b) and (c) because Defendant does business in this district and employs personnel to work in this district, and because substantial and unlawful conduct giving rise to these claims occurred in this district.

## PARTIES

3.

Plaintiff is a person of the full age of majority who is a resident of the Parish of Orleans, Sate of Louisiana, and at all times pertinent hereto was an employee of Defendant. Plaintiff's Declaration consenting to join this action is attached hereto a "Exhibit 1."

4.

Defendant is a limited liability company with its principal place in the Parish of Orleans, State of Louisiana, which is located in the Eastern District of Louisiana. At all times pertinent hereto, Defendant was an "employer" and therefore is subject to the Fair Labor Standards Act of 1938 ("FSLA"), 29 U.S.C. § 201, *et seq.*

## STATEMENT OF THE CASE

5.

Defendant employed Plaintiff and similarly situated individuals to work in it golf entertainment complex and restaurant located at 3800 Howard Avenue in New Orleans, Louisiana, as employees to provide services and labor in furtherance of Defendant's business.

6.

Plaintiff was most recently employed in the position of bartender during the time period of end to June 2025 to the beginning of November 2025 where she customarily and routinely worked in excess of forty (40) hours per week without receiving overtime pay. In addition to being paid an hourly wage, the Plaintiff was also a tipped employee, but customarily and routinely did not receive her tips from Defendant.

7.

Plaintiff's primary duties consisted of the performance of non-exempt work for which she was not properly compensated, insomuch as she was not paid overtime wages at a rate of one and one-half (1.5) the normal hourly equivalent rate of pay, in violation of the overtime pay requirements of the FLSA, 29 U.S.C. § 207. In addition, she did not receive her tips from Defendant in violation of the requirements of the FLSA, 29 U.S.C. § 203.

8.

No exemption or explanation under the FLSA applies to excuse Defendant's failure to pay the Plaintiff the appropriate wages and tips.

9.

Upon information and belief, Defendant willfully failed to pay Plaintiff overtime and willfully withheld Plaintiff's tips in violation of the FLSA, 29 U.S.C. § 203.

10.

Plaintiff is informed and believes that other similarly situated employees or former employees of Defendant were also denied payment of wages, overtime, and tips in further violation of the FLSA. Accordingly, Plaintiff files this Complaint on behalf of these other similarly situated individuals who may in the future decide to join this lawsuit as Plaintiffs according to 29 U.S.C. § 216.

11.

The information necessary for the exact determination of the amount due to the Plaintiff, and the names of punitive Plaintiffs, is within the control of the Defendant. After due discovery,

the exact amounts due and the names of all putative Plaintiffs will be included in an Amended Complaint and/or in response to discovery requests.

12.

Defendant willfully violated provisions of the FLSA such that Plaintiff demands payment for all overtime pay and tips and improperly withheld wages for three (3) years prior to the date of filing this action in accordance with 29 U.S.C. § 255.

## LIQUIDATED DAMAGES

13.

Pursuant to 29 U.S.C. §§ 216 and 260, Plaintiff demands liquidated damages on all unpaid overtime compensation, tips and other wages due.

## ATTORNEY'S FEES AND COSTS

14.

In accordance with 29 U.S.C. § 216, Plaintiff demands from Defendant reasonable attorneys' fees and such costs as may be required to prosecute this action.

## JURY TRIAL

15.

Plaintiff requests a trial by jury.

**WHEREFORE,** Plaintiff and other similarly-situated putative Plaintiffs, pray that Defendant be cited to appear and answer this lawsuit, and that after all due proceeds are had, there be judgment herein in favor of Plaintiffs and against Defendant awarding Plaintiffs damages, liquidated damages, attorneys' fees, costs and interest. Plaintiffs further pray for all other legal and/or equitable relief to which they may be entitled.

Respectfully submitted,

**CHEHARDY, SHERMAN, WILLIAMS, RECILE & HAYES**

**BY:** ***/s/George B. Recile***
**GEORGE B. RECILE, Bar No.: 11414**
1 Galleria Blvd., Suite 1100
Metairie, Louisiana 70001
Telephone No.: (504) 830-4100
E-Mail: **gbr@chehardy.com**

**-AND-**

**KIRKENDALL DWYER, L.L.P.**

**BY:** ***/s/Kevin O. Larmann***
**KEVIN O. LARMANN, Bar No.:24516**
2424 Edenborn Avenue, Suite 670
Metairie, Louisiana 70001
Telephone: (504) 231-9513
Facsimile: (504) 533-9799
E-Mail: klarmann@kirkendalldwyer.com
**Counsel for Plaintiffs**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on **April 7, 2026** I electronically filed the foregoing with the Clerk of Court by using the CM/ECF.

***/s/ George B. Recile***

**PLEASE SERVE**:
Five O Fore Golf LLC
Through its Registered Agent
Mei Mao Xiao
730 S. Range Ave., Suite 1D
Denham Springs, Louisiana 70726

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| MIA BONANO, Individually and on behalf of others similarly situated, Plaintiff | * * * | CIVIL ACTION NO. |
| | * | JUDGE |
| VERSUS | * * | MAGISTRATE |
| | * | |
| FIVE O FORE GOLF LLC Defendant | * * | |

**DECLARATION OF MIA BONANO**

The undersigned deposes and states that she has personal knowledge of the facts contained herein and is competent to testify to the following:

1. I am a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana.

2. I was most recently employed in the position of bartender from approximately the end of June 2025 until the beginning of November 2025.

3. I customarily and routinely worked in excess of forty (40) hours per week without receiving overtime pay.

4. My primary duties consisted of the performance of non-exempt work for which I was not properly compensated, insomuch as I was not paid overtime at a rate of one and one-half (1.5) the normal hourly equivalent rate of pay, in violation of the overtime pay requirements of the FLSA, 29 U.S.C. § 207.

5. I regularly did not receive my tips from my employer in violation of the FLSA 29 U.S.C. § 203.

6. No exemption or explanation under the FLSA applies to excuse Defendant's failure to pay appropriate wages and tips.

7. I never saw a poster or any other sign that explained my rights under the law to receive the minimum wage, overtime, or my tips.

8. I know of many other similarly situated employees who were, like me, never paid overtime and/or tips.

9. I consent to this action being brought on my behalf and on behalf of those similarly situated.

10. I declare under penalty of perjury that the statements above are true based upon my own personal knowledge, information and belief.

04/07/26
DATE

MIA BONANO